341 So.2d 319 (1976)
STATE of Louisiana
v.
John R. NEYREY.
No. 57163.
Supreme Court of Louisiana.
May 17, 1976.
On Rehearing October 6, 1976.
Rehearing Denied November 5, 1976.
*320 Michael S. Fawer, Matthew H. Greenbaum, New Orleans, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Kendall Vick, Barbara Rutledge, J. Wensles *321 Parra, Jr., and George T. Mustakas, Asst. Attys. Gen, Robert L. Livingston, Jr., W. Glenn Burns, Former Asst. Attys. Gen, for plaintiff-respondent.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Director, Research and Appeals Division, Parish of Jefferson, Metairie, for amicuscuriae.
SANDERS, Chief Justice.
On the strength of two affidavits filed by a former associate, alleging theft of $16,152.00, John R. Neyrey was arrested. The next day, March 17, 1972, Neyrey was released on bond. On March 23, 1972, because of a possible conflict of interest on the part of staff members, the District Attorney of Jefferson Parish by letter assigned "the complete handling of this matter to the Attorney General's Office . . . including the investigation of same and/or prosecution."
On January 7, 1975, an Assistant Attorney General filed a bill of information charging Neyrey with the theft for which he had been arrested in 1972. Defendant filed a motion to quash the indictment, alleging that under Article 4, Section 8 of the Louisiana Constitution of 1974, the Attorney General had not followed the requirements for instituting prosecution and that he had been denied his right to a speedy trial. After a hearing, a trial court denied the motion, but stayed all proceedings, pending final disposition of an application for writs. On defendant's application, we granted supervisory writs, La., 325 So.2d 269 (1976).
This Court granted writs to consider Article 4, Section 8 of the 1974 Louisiana Constitution and its application to the procedures of this case. The pertinent part of that section provides:
"As necessary for the assertion or protection of any right or interest of the state, the attorney general shall have authority (1) to institute, prosecute, or intervene in any civil action or proceeding; (2) upon the written request of a district attorney, to advise and assist in the prosecution of any criminal case; and (3) for cause, when authorized by the court which would have original jurisdiction and subject to judicial review, (a) to institute, prosecute, or intervene in any criminal action or proceeding, or (b) to supersede any attorney representing the state in any civil or criminal action."
Although the relator was arrested in 1972, the Attorney General's office filed no bill of information until 1975. At the time of relator's arrest, the Louisiana Constitution of 1921 outlined the powers of the Attorney General's office in Article 7, Section 56, as follows:
"The Attorney General and the assistants shall be learned in the law and shall have actually resided and practiced law, as duly licensed attorneys, in the State for at least five years preceding their election and appointment. They, or one of them, shall attend to, and have charge of all legal matters in which the State has an interest, or to which the State is a party, with power and authority to institute and prosecute or to intervene in any and all suits or other proceedings, civil or criminal, as they may deem necessary for the assertion or protection of the rights and interests of the State. They shall exercise supervision over the several district attorneys throughout the State, and perform all other duties imposed by law." (Italics ours.)
In 1972, under the 1921 Constitution, the Attorney General clearly had general authority to institute and prosecute criminal proceedings. The Attorney General, however, filed the present bill of information after the 1974 Constitution became effective.
The relator asserts that under the new Constitution the Attorney General is authorized to institute criminal proceedings only under the conditions specified in Subsection (3) (a), which requires prior judicial authorization upon a showing of cause by the Attorney General. He argues, therefore, *322 that because there was no judicial authorization before the filing of the bill of information, the bill was defective, and the motion to quash should have been sustained.
On the other hand, the State argues that Sub-section (3) (a) prescribes the manner in which the Attorney General may institute criminal proceedings without the concurrence of the district attorney. The State reasons that filing a bill of information is within the ambit of the authority to "advise and assist." Alternatively, the State maintains that if judicial authorization was required in this case, the defect in the bill of information was cured when the trial court issued an Order for Authorization to Proceed with Prosecution on the same day that it denied the relator's motion to quash.
In support of their arguments, both parties cite excerpts from the Proceedings of the Constitutional Convention. After a thorough reading of the debate on this Constitutional provision, we conclude that the Constitutional Convention did not specifically consider whether the Attorney General's office was authorized to institute a criminal proceeding upon the request of the district attorney without authorization by the trial court for cause.
However, when generally discussing the Attorney General's authority to institute a criminal prosecution under the new provision, the consensus was that this authority vested after he obtained a court order.[1]
Besides the change in terminology vesting the Attorney General with the authority to institute criminal prosecutions, it is also clear from the proceedings that the intent of the Constitutional Convention delegates was definitely to restrict the Attorney General's power to institute criminal proceedings.
When the new provision is analyzed in the light of the general intent, only one reasonable interpretation follows: the Attorney General can institute a criminal proceeding for cause only after authorization by the court. This conclusion is buttressed by the numerical classification of authority in the provision. The authority to advise and assist in the prosecution of a criminal case is separated in a numbered section from the third distinct authority, to institute, prosecute or intervene for cause when authorized by the court.
The State alternatively argues that even if the proper procedures for instituting suit were not followed in filing the bill of information, this defect was cured when the trial court authorized the Attorney General to proceed with the prosecution. In support of this argument, the State cites Louisiana Code of Criminal Procedure Article 487, which provides for the correction of a bill of information by amendment. Article 487 provides:
"An indictment that charges an offense in accordance with the provisions of this Title shall not be invalid or insufficient because of any defect or imperfection in, or omission of, any matter of form only, or because of any miswriting, misspelling, or improper English, or because of any use of any sign, symbol, figure, or abbreviation, or because any similar defect, imperfection, omission, or uncertainty exists therein. The court may at any time cause the indictment to be amended in respect to any such formal defect, imperfection, omission, or uncertainty.
"Before the trial begins the court may order an indictment amended with respect to a defect of substance. After the trial begins a mistrial shall be ordered on the ground of a defect of substance."
This article is inapplicable to the present case. As the Assistant Attorney General *323 had no authority to sign and file the bill of information without first securing court authorization, it was null ab initio.
For the reasons assigned, the district court judgment denying the relator's motion to quash is reversed, the motion to quash is sustained, and the defendant is discharged from custody under the present bill of information.
DIXON, J., dissents being of the opinion the procedure here followed constituted compliance with the constitutional provision, and with the full consent of the district attorney.
DENNIS, J., dissents and assigns reasons.
DENNIS, Justice (dissenting).
I respectfully dissent. Article 4, § 8 of the Louisiana Constitution of 1974 does not require court authorization in an instance, such as here, where the attorney general, upon the written request of a district attorney, seeks to initiate a prosecution. The language of the section and the debates at the convention clearly reflect that Art. 4, § 8(3) was placed in the constitution at the behest of many district attorneys who wished to make it difficult for an attorney general to institute, prosecute, or intervene in a criminal action without approval of the district attorney. It was not designed to hamper the efforts of the attorney general in rendering assistance to the district attorneys upon request. I think the filing of the bill of information in this case reasonably falls within the activities contemplated by the constitution which authorizes the attorney general to "assist in the prosecution of any criminal case" upon the written request of the district attorney. Art. 4, § 8 (2).

ON REHEARING
MARCUS, Justice.
We granted a rehearing in this case to reconsider whether the Louisiana Constitution of 1974 permits the attorney general to institute a criminal prosecution upon the written request of a district attorney.
John R. Neyrey was arrested on March 16, 1972, after a former business associate executed two affidavits alleging that he committed theft of $16,052.68. He was released from jail on a $5,000 bond the following day. On March 23, 1972, because of possible conflict of interest on the part of his staff members, an assistant district attorney of Jefferson Parish wrote a letter to the attorney general's office requesting that it assume complete control over the investigation and/or prosecution of the charges against defendant.[1]
On January 7, 1975, an assistant attorney general filed a bill of information charging Neyrey with the theft for which he had been arrested in 1972. Defendant filed a motion to quash the information, on the grounds that: (1) the Louisiana Constitution of 1974 (which became effective January 1, 1975) requires the attorney general to obtain judicial authorization, for cause, before instituting a criminal prosecution; and (2) he had been deprived of his constitutional right to a speedy trial. The trial judge denied the motion to quash, and we granted defendant's application for certiorari.

I.

Lack of Court Authorization
The Louisiana Constitution of 1974 limits the attorney general's authority, which was plenary under the 1921 constitution,[2] to institute, *324 prosecute, or intervene in a criminal proceeding. Except as it otherwise provides, the present constitution gives a district attorney, or his designated assistant, charge of every criminal prosecution in his district. La.Const. art. 5, § 26 (1974). The 1974 constitution does not, however, divest the attorney general of all his powers in criminal cases. Article 4, section 8 of the constitution outlines the following conditions under which the attorney general has authority in criminal proceedings:
As necessary for the assertion or protection of any right or interest of the state, the attorney general shall have authority (1) to institute, prosecute, or intervene in any civil action or proceeding; (2) upon the written request of a district attorney, to advise and assist in the prosecution of any criminal case; and (3) for cause, when authorized by the court which would have original jurisdiction and subject to judicial review, (a) to institute, prosecute, or intervene in any criminal action or proceeding, or (b) to supersede any attorney representing the state in any civil or criminal action.

. . . . . On original hearing, we sustained defendant's motion to quash, holding that the assistant attorney general was required to obtain court authorization for cause, in accordance with article 4, section 8(3), before filing the bill of information charging defendant with theft.
On reconsideration, we are of the opinion that article 4, section 8(2), which authorizes the attorney general to "assist in the prosecution of any criminal case" upon a district attorney's written request, enables the attorney general to institute a criminal prosecution where, as here, he does so with the district attorney's prior written approval. In our view, the Jefferson Parish Assistant District Attorney's letter asking the attorney general's office to handle the charges against defendant constituted a request for assistance in a criminal prosecution as provided for in article 4, section 8(2), so that the assistant attorney general had the authority to file the instant bill of information.
Defendant, however, urging that article 4, section 8(3) is the sole applicable procedure where the attorney general seeks to institute a criminal prosecution, interprets the phrase "assist in the prosecution of any criminal case" contained in article 4, section 8(2) to mean only limited forms of aid not including a request that the attorney general institute and prosecute the case. After reviewing the transcript of the constitutional convention proceedings wherein the adoption of article 4, section 8 was discussed, we do not think that defendant's narrow interpretation of article 4, section 8(2) is consistent with the intent of our constitution's drafters. The purpose of the enactment of article 4, section 8, as the transcript of the constitutional convention proceedings reveal,[3] was the curtailment of the attorney general's theretofore untrammeled authority to institute, prosecute, or intervene in a criminal case. The drafters, in enacting the provision, did not mean to hinder cooperative efforts between a district attorney and our state's chief legal officer, and in fact article 4, section 8(2) implicitly endorses such efforts. Thus, without written permission from the district attorney who has charge of the case, the attorney general must obtain judicial authorization for cause before he can file a bill of information. With such written permission, like that given the assistant attorney general in this case, no prior court authorization is necessary.

*325 II.

Denial of Right to a Speedy Trial
The bill of information charging defendant with theft alleges that the offense was committed between January 29-July 30, 1971. The theft of an amount exceeding $500 is a felony that is not necessarily punishable by imprisonment at hard labor. La.R.S. 14:67. Hence, under article 572 of the Code of Criminal Procedure,[4] the state had four years from the date of the commission of the offense to institute prosecution. The instant criminal prosecution was instituted by the filing of a bill of information on January 7, 1975. La.Code Crim.Pa. arts. 382, 934(7). Since less than four years elapsed between commission of the offense and institution of prosecution, institution of the prosecution is not barred by prescription. Nor is trial on the charge barred by the limitations of article 578(2), which requires that the trial herein be commenced within two years from institution of prosecution (January 7, 1975).
Notwithstanding the fact that prosecution and trial are not barred by the applicable prescriptive periods, defendant contends in his motion to quash that his right to a speedy trial under the federal and state constitutions was violated by the roughly thirty-four month delay between his arrest on March 16, 1972 and the institution of prosecution on January 7, 1975. U.S. amend. 6; La.Const. art. 1, § 16 (1974).
The right to a speedy trial is a fundamental right guaranteed by both the federal and state constitutions. We have recognized that this right attaches when a defendant becomes an accused, which, in this case, occurred on the date of his arrest. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971);State v. Stetson, 317 So.2d 172 (La.1975). In determining whether this constitutional right has been violated, no fixed time period governs; rather, the conduct of both the prosecution and the defense are weighed in light of several factors: the length of the delay; the reason for the delay; the defendant's assertions of his rights; and the actual prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.3d 101 (1972); State v. Bullock, 311 So.2d 242 (La.1975).
Although the delay in prosecuting this case was considerable, the state asserts that it was caused by several resignations and reassignments within the attorney general's office. Defendant does not show that the delay was due to any bad faith effort on the part of the state to hamper his defense. Additionally, there is no evidence that defendant, during the period between his arrest and his filing of the information asserted a demand for prompt disposition of the allegations of theft that occasioned his arrest.[5] Finally, we find any claim of prejudice to be minimal. While Neyrey was prejudiced to some extent by living for over thirty-five months under a cloud of suspicion and anxiety, he spent only one night in jail, as he was released on bail the day after his arrest. Moreover, defendant does not demonstrate any prejudice to his case resulting from the delay, making no showing, or even alleging, that any of his witnesses are now unavailable or that his defense has been otherwise impaired.
After a consideration of these factors, we do not find that defendant's constitutional right to a speedy trial has been violated. Accordingly, we conclude that the trial judge properly denied the motion to quash the information.

*326 DECREE
For the reasons assigned, our decree on original hearing is vacated and set aside. The ruling of the trial judge denying the motion to quash the information is affirmed; and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.
SANDERS, C.J., concurs with written reasons.
 APPENDIX TO THE OPINION OF THE COURT
 DISTRICT ATTORNEY'S OFFICE
24TH JUDICIAL DISTRICT OF LOUISIANA
 PARISH OF JEFFERSON
 FRANK H. LANGRIDGE
 DISTRICT ATTORNEY
 WAVERLY A. HENNING
 JOHN M. MAMOULIDES
 THOMAS P. McGEE
 SAMUEL W. ETHRIDGE
 JAMES M. LOCKHART, JR.
 WILLIAM J. WHITE, JR.
 CLARENCE E. McMANUS
 GORDON K. KONRAD
 MARION F. EDWARDS
 JACK A. GRANT
 RONALD P. LOUMIET
 ROBERT B. EVANS, JR.
 ASSISTANT DISTRICT ATTORNEYS
 Gretna, Louisiana
 March 23, 1972
Mr. Mac Achee
Special Counsel, Office of
The Attorney General
State of Louisiana
Gretna, Louisiana
 Re: State of Louisiana vs.
 John R. Neyrey
Dear Mr. Achee:
 Charges have recently been filed against the above captioned person, a resident of
Jefferson Parish who at one time was a personal client of mine, as well as a client of Mr.
James Lockhart, Assistant District Attorney, at the time the charges were made by
another member of his firm.
 Because of the previous attorney-client relationship above stated and more particularly,
since the charges that have been filed arise out of a business venture in which Mr.
Lockhart was a participant, I am assigning the complete handling of this matter to the
Attorney General's Office through you, including the investigation of same and/or
prosecution.
 I am further, by copy of this letter, assigning Mr. Hubie Badeaux as special
investigator in this matter for your use and do hereby direct that he report his findings to
you and to proceed as per your instructions.
*327
 In connection with this assignment and referral of the entire matter to you as
Assistant Attorney General, you are hereby given full authority to make any and all
decisions necessary and proper in accordance with your oath.
 Sincerely,
 (s) John M. Mamoulides
 John M. Mamoulides
 Assistant District Attorney
JMM/trf
cc: Mr. Jack Yelverton
 Chief, Criminal Division
 Attorney General's Office
 Baton Rouge, Louisiana
 Mr. Louis LaCour
 Attorney for Defendant
 711 American Bank Building
 New Orleans, Louisiana 70130
 Mr. Hubie Badeaux
 Mr. James Lockhart
SANDERS, Chief Justice (concurring).
I think a contrary interpretation of the constitutional language is supportable. Nonetheless, the opinion on rehearing is plausible and reaches a better result for the administration of justice. Hence, I concur.
NOTES
[1] Judge (now Justice) Dennis, Chairman of the Judiciary Committee, reiterated the meaning of the new provision stating, "... (L)ets make it crystal clear that the attorney general can, after he gets a court order, start a prosecution where one is warranted." (Empliasis added.) XI Proceedings (35th day) 78. Later that day he stated, ". . . an attorney general can go get a court order and start a criminal prosecution, if the court finds that he shows cause." Id. at 80.
[1] See the appendix to the opinion of this court for a copy of this letter.
[2] Article VII, § 56 of the 1921 constitution provided as follows:

The Attorney General and the assistants shall be learned in the law and shall have actually resided and practiced law, as duly licensed attorneys, in the State for at least five years preceding their election and appointment. They, or one of them, shall attend to, and have charge of all legal matters in which the State has an interest, or to which the State is a party, with power and authority to institute and prosecute or to intervene in any and all suits or other proceedings, civil or criminal, as they may deem necessary for the assertion or protection of the rights and interests of the State. They shall exercise supervision over the several district attorneys throughout the State, and perform all other duties imposed by law.
In case of a vacancy in the office of Attorney General, the First Assistant Attorney General shall perform the duties of the Attorney General until his successor shall have been duly elected and qualified. (Emphasis added.)
[3] See generally XI Transcript of the 1973 Constitutional Convention, 35th Day, at 54-94.
[4] Article 572 provides in pertinent part:

No person shall be prosecuted, tried, or punished for an offense not punishable by death unless the prosecution is instituted within the following periods of time after the offense has been committed:
(2) Four years, for a felony not necessarily punishable by imprisonment at hard labor;
. . . . .
[5] The record does indicate that defendant filed a motion to quash the information in a different criminal proceeding also arising out of his arrest for theft. The motion was filed on April 23, 1974, more than twenty-five months after the arrest, and alleged a denial of a right to speedy trial. The record does not reveal whether there has been a ruling on the motion.