350 So.2d 154 (1977)
STATE of Louisiana
v.
Van Raymond FRAISE.
No. 59332.
Supreme Court of Louisiana.
September 19, 1977.
*155 William J. O'Hara, III, Supervising Atty., New Orleans, John M. Standridge, Student Practitioner, Loyola Law School Clinic, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Van Raymond Fraise was convicted of the crime of aggravated rape and was sentenced to death. On appeal, defendant relies on one assignment of error for reversal of his conviction and sentence.
Defendant contends that the trial judge erred in denying his motion to quash the indictment which charged him with the crime of aggravated rape committed on June 16, 1971. He argues in his motion that he was denied his constitutional right to a speedy trial in that some thirty-nine months elapsed between his arrest and indictment by the grand jury.
The context facts are as follows. On June 16, 1971, a woman and her seventeen-year-old daughter were raped and battered in their home by an armed intruder. Four days later (June 20), another woman was raped allegedly by the same individual. Shortly thereafter, defendant was arrested in connection with these crimes, incarcerated, and subsequently identified as the perpetrator of the crimes at a lineup conducted about a month after the offenses.
On July 8, 1971, defendant was indicted by the grand jury for the Parish of Orleans for the aggravated rape committed on June 20 of that year. At the trial held on June *156 15, 1972, the state introduced evidence of the prior rapes committed on June 16, 1971 to show knowledge, system or intent on the part of defendant to commit the June 20 rape. The jury returned a verdict of guilty as charged. Thereafter, defense counsel filed a motion for a new trial which was taken under advisement by the trial judge. Prior to a ruling on the motion, the decision of State v. Prieur, 277 So.2d 126 (La.1973) was rendered in which this court outlined certain procedural safeguards to be followed when the state intends to introduce evidence of other offenses to establish knowledge, system or intent. Subsequently, on April 12, 1973, the trial judge granted defendant's motion for a new trial.
While this matter was still pending,[1] the state sought an indictment charging defendant with the aggravated rape of one of the two victims committed on June 16, 1971, which indictment was returned by the grand jury on October 17, 1974. Thereafter, in preparation for trial on this charge, defense counsel filed a motion to suppress certain evidence and a prayer for oyer which were ultimately disposed of by the trial judge. On November 20, 1974, defendant was tried on the second indictment for the June 16, 1971 aggravated rape. Because of the inability of the jury to agree upon a verdict, a mistrial was ordered. Approximately two months later (January 1975), defense counsel filed a motion to quash the indictment which charged defendant with the June 16 aggravated rape alleging that the thirty-nine-month delay between his arrest (June 1971) and the finding of the second indictment (October 17, 1974) violated his constitutional right to a speedy trial. The motion was denied by the trial judge. After trial by jury (April 30, 1975), defendant was found guilty as charged and was sentenced to death.
Since the crime with which defendant was charged in the second indictment was a capital crime, there was no time limitation upon the institution of prosecution. La.Code Crim.P. art. 571. Thus, the institution of prosecution on October 17, 1974 was not barred by prescription. Nor was trial on the charge barred by the limitations of La.Code Crim.P. art. 578(1), which requires that the trial of a capital crime commence within three years of the day of the institution of prosecution, in view of the fact that trial (November 20, 1974) was held about a month and retrial (April 30, 1975) about six months after the institution of prosecution by the finding of an indictment on October 17, 1974.
Notwithstanding the fact that prosecution and trial were not barred by the applicable prescriptive periods, defendant contends that the thirty-nine-month delay between the date of his arrest (June 1971) and the institution of prosecution on the instant charge deprived him of his right to a speedy trial under the federal and state constitutions. U.S.Const. amend. 6; La.Const. art. 1, § 16 (1974). He argues that this inordinate delay prejudiced his defense in that the recollection of a potential alibi witness would be impaired by lapse of time. However, in spite of this broad assertion, the existence and identity of such witness is nowhere disclosed by defendant.
The right to a speedy trial is a fundamental right guaranteed by both the federal and state constitutions. We have recognized that this right attaches when a defendant becomes an accused which, in this case, occurred on the date of his arrest. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); State v. Neyrey, on rehearing, 341 So.2d 319 (La. 1976); State ex rel. Miller v. Craft, 337 So.2d 1191 (La.1976); State v. Stetson, 317 So.2d 172 (La.1975). In determining whether this constitutional right has been violated, no fixed time period governs; rather, the conduct of both the prosecution and the defense are weighed in light of several factors: the length of the delay, the reason for the delay, the defendant's assertion of his rights, and the actual prejudice to the defendant. *157 Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); State v. Neyrey, supra; State ex rel. Miller v. Craft, supra; State v. Bullock, 311 So.2d 242 (La. 1975).
Although the delay in instituting prosecution against defendant for the June 16, 1971 aggravated rape was considerable (about thirty-nine months), we must bear it in mind that we are dealing with a capital offense for which the legislature has deemed it appropriate to fix no time limitation for instituting prosecution. Moreover, after indictment, defendant was immediately brought to trial (about a month after indictment) and retrial (about six months after indictment). The state argues that the delay was caused by the pending prosecution of defendant for the June 20 aggravated rape for which defendant was also being held in custody. The record fully supports the active prosecution of this case by the state during the period in question. Except for the uncertainty created by our decision in Prieur, the case most probably would have been brought to a prompt conclusion. Defendant has not demonstrated, nor do we find, that the delay was due to any bad faith effort on the part of the state to hamper his defense.[2] Moreover, there is no evidence that defendant in the thirty-nine-month period between his arrest and indictment asserted a demand for prompt disposition of the allegations of the June 16 aggravated rape which, along with the June 20 rape charge, occasioned his arrest. Indeed, defendant failed to urge his demand for a speedy trial until two months after prosecution on the second indictment ended in a mistrial. Finally, we find any claim of prejudice to be minimal at most. Although defendant was held in custody throughout the thirty-nine-month period on the June 16, 1971 aggravated rape charge, his incarceration was at least equally the result of the June 20, 1971 aggravated rape charge for which he was being prosecuted during the thirty-nine-month interval. Furthermore, although defendant asserts in general terms that his defense has been prejudiced by the delay, he has failed to make any showing that he was deprived of favorable testimony of identifiable defense witnesses for reasons attributed to the delay, such as unavailability for trial or loss of memory of events at the time of the crime. The state's case consisted primarily of the testimony of the rape victim named in the indictment (daughter), the other rape victim (mother), and another daughter present at the time of the crimes. Defendant did not take the stand nor offer any witnesses on his behalf. The rape victims had previously testified at the earlier prosecution for the June 20 aggravated rape. Hence, the details of the state's case had been fully disclosed to defendant during the period in question.
After a consideration of these factors, we do not find that defendant's constitutional right to a speedy trial has been violated. Hence, we conclude that the trial judge properly denied the motion to quash the indictment. Accordingly, this assignment of error is without merit.
In Selman v. Louisiana, 428 U.S. 906, 96 S.Ct. 3214, 49 L.Ed.2d 1212 (1976), the United States Supreme Court held that Louisiana's mandatory death penalty for aggravated rape was unconstitutional. Since Selman, in cases where defendants have been convicted of aggravated rape and sentenced to death, this court, under the mandate of Selman, has set aside and vacated the death sentence but, finding no reversible error, has affirmed the convictions. For the reasons set forth in State v. *158 Craig, 340 So.2d 191 (La.1976), State v. Lee, 340 So.2d 180 (La.1976), and State v. Sledge, 340 So.2d 205 (La.1976), we have held that, because the legislature obviously intended to impose the most serious penalty available under law for the crime of aggravated rape, the appropriate penalty since the invalidation of the mandatory death penalty is the most serious penalty for a lesser-included offense at the time of the commission of the crime. At the time of the commission of the present offense (June 16, 1971), attempted aggravated rape was punishable by imprisonment at hard labor for not more than twenty years while the crime of simple rape carried a penalty of imprisonment at hard labor for not less than one nor more than twenty years. Consequently, the most serious penalty is twenty years at hard labor. Therefore, in accordance with our decisions in Craig and Lee, we must vacate and set aside the imposition of the death penalty even though we affirm the conviction and remand the case to the trial court for resentencing.

DECREE
For the reasons assigned, the conviction is affirmed and the case is remanded to the criminal district court for resentencing of defendant.
DIXON, J., dissents.
NOTES
[1] On July 15, 1975 (after defendant's conviction for the June 16 aggravated rape), the district attorney dismissed the indictment upon which this prosecution had been based (June 20 aggravated rape).
[2] Compare the recent case of United States v. Evers, 552 F.2d 1119 (5 Cir. 1977), wherein the Fifth Circuit found no bad faith on the government's part is dismissing an indictment and thereafter reindicting defendants based upon the government's belief that the applicable law would be changed by a recent grant of certiorari by the Supreme Court. The Fifth Circuit found no bad faith in the government's gearing its prosecution to the existing applicable litigation and stated that "[i]f uncertain law is to be made certain within the time frame of permissible prosecution, the Government may, within its discretion, await clarification." The court concluded that "[p]rosecutorial delay, not barred by the statute of limitations, solely for the purpose of insuring the most fully developed view of the law, at the time of trial, cannot be said to be a denial of due process."