300 So.2d 492 (1974)
STATE of Louisiana
v.
Napoleon MOORE.
No. 54560.
Supreme Court of Louisiana.
August 30, 1974.
Rehearing Denied October 11, 1974.
*493 Murphy W. Bell, Director, Woodson T. Callihan, Jr., Trial Attorney, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
Defendant was convicted of aggravated rape, a violation of La.R.S. 14:42, and was sentenced to life imprisonment. In this Court he relies upon two bills of exceptions for a reversal of his conviction and sentence.
Bill of Exceptions No. 1 was reserved when the trial court denied a mistrial motion based on an allegation that the victim's in-court identification was fatally tainted by the prosecution's exhibition of photographs of the defendant to her immediately before both the instant trial and a prior rape trial of the defendant at which this victim testified.[1]
Federal and state due process requirements mandate the reversal of criminal convictions based on in-court identifications which have no basis independent of impermissibly suggestive line-up or photographic *494 identifications. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) and State v. Wallace, 285 So.2d 796 (La.1973). In the course of our review we must therefore resolve two issues: first, were the photographic identification procedures employed by the prosecution impermissibly suggestive and, second, even if there is such misconduct, does the record reveal that there existed an independent and untainted basis for the witness' in-court identification?
Within a week after the rape in question took place, the victim unequivocally identified the defendant as her assailant during a police line-up. Despite this unequivocal identification and the fact that the victim was present at an earlier trial of this defendant during which she testified, the prosecution displayed to her, on the same day as and immediately prior to this trial, the same line-up photographs which had been shown to her at the time of the earlier trial and an individual photograph of the defendant. Because defendant's conviction, like most rapists' convictions, depended substantially on the victim's ability to identify her assailant, there can be no doubt that the prosecution's course of conduct in displaying these photographs was gravely improper and impermissible. The merit of this bill of exceptions, therefore, depends on whether or not the record reveals that there existed at trial an independent basis for the victim's identification of the defendant.
Defendant has not suggested that the line-up at which the victim identified him was improperly constituted or conducted. He has failed to establish that the prosecutor's display of the line-up photographs containing his picture to the victim at the time of the first trial was conducted in a manner which violated his constitutional rights or otherwise prejudiced him. Considering these circumstances and the fact that the record reveals that the victim had ample opportunity to view the defendant in good light during the commission of the act and retain an impression of his appearance, we are constrained to hold that the victim's positive identification during the course of her testimony did have a basis independent of the prosecution's pretrial display of photographs.
This bill of exceptions is without merit.
The defendant reserved Bill of Exceptions No. 2 when the trial court denied his motion in arrest of judgment. The basis for the motion was defendant's allegation that he was denied his state and federal constitutional rights to a speedy trial.
The record reveals that twenty-six months elapsed from the time of indictment to the commencement of trial and that all but the last month of delay is attributable to reassignments which took place at the State's request. The defendant contends that the lapse of time was totally unnecessary and gravely hampered the effectiveness of his defense.
Guidelines for determining whether a criminal defendant has been denied his federal constitutional right to a speedy trial were set forth in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The factors which are to be considered are the length of the delay, the reasons for the delay, the resulting prejudice to the defendant, and the defendant's assertion of his right to a speedy trial.
In Barker, the United States Supreme Court, while rejecting a rigid time formula, recognized the states' right to set a time period for bringing accuseds to trial, provided that the prescribed time period is consistent with constitutional standards. In State ex rel. Eames v. Amiss[2] this Court impliedly rejected an argument now advanced by the State in this case that the only criterion which need be applied in denial of speedy trial cases is C. Cr.P. Art. 578's outer time limitations for trial commencement. In Eames, we ordered that the defendant be brought to trial on pending murder charges almost eleven months prior to the time limitation *495 set forth in C.Cr.P. Art. 578. The argument impliedly rejected in Eames we now expressly repudiate.
In applying the Barker criteria we note that the time lapse between indictment and trial was due almost entirely to numerous reassignments requested by the State. No weighty reasons for the numerous delays appear in the record nor does the State advance any reasons it may have had for seeking the various delays. The defendant alleges that he was gravely prejudiced by the delays when the State used the fact of the time lapse to painstakingly attack the credibility of alibi witnesses by questioning their ability to recall clearly the events of the distant past.
Although the Court is impressed with the defendant's arguments concerning the time lapse in this case and is of the opinion that some degree of resulting prejudice has been shown, we must now undertake a consideration of the fourth criterion set forth in the Barker decision, the defendant's assertion of his right to a speedy trial. At no time during the first twenty-five months which elapsed from the time of indictment did defendant attempt to assert his right to a speedy trial. No defense objection to the numerous reassignments was ever lodged. No motions requesting the commencement of trial were filed; not until November of 1973 was the issue ever raised by the defendant and then it was by way of motion to quash on the grounds that the right had already been abridged.
While we do not consider a defendant's prior assertion of the right to a speedy trial sacramental, this Court fully subscribes to the opinion of the United States Supreme Court on the matter. In Barker v. Wingo, supra, that Court stated:
"We do not hold that there may never be a situation in which an indictment may be dismissed on speedy trial grounds where the defendant has failed to object to continuances. * * * But barring extraordinary circumstances, we would be reluctant indeed to rule that a defendant was denied this constitutional right on a record that strongly indicates, as does this one, that the defendant did not want a speedy trial. * * *"
Finally, in our consideration of defendant's claim of denial of a speedy trial, we are cognizant that during the course of the twenty-five month delay both the State and the defendant were, necessarily, preoccupied with the prosecution of the September 18th rape charge pending against the defendant.[3]
Under all of the circumstances, we hold that the defendant was not denied his constitutionally guaranteed right to a speedy trial.
For the reasons stated above, the defendant's conviction and sentence are affirmed.
DIXON, J., concurs, only because of the treatment of bill #1, although agreeing with the conclusion as to that bill.
NOTES
[1] Although the defendant contends in brief, as he did in oral argument on his mistrial motion, that the victim was shown photographs of him before the prior trial at which she testified, this contention is not supported by the record. The victim's testimony reveals that she was shown photogaphs of the line-up "When [she] * * * was subpoenaed to testify before." Nothing in the record establishes that this photographic display took place prior to the earlier trial rather than during the earlier trial itself.
[2] 288 So.2d 316 (La.1974).
[3] The indictments for both the rape with which we are now concerned, alleged to have occurred on September 14, 1971, and the September 18, 1971 rape were returned at the same time, during November of 1971. The State elected to try defendant for the September 18th rape first and a conviction was obtained on May 17, 1972. During that trial, the victim of the September 14th rape testified, as did all the witnesses whom the defendant called to supply an alibi for September 14. Defendant appealed that conviction to this Court; the case was orally argued and submitted on November 14, 1972. A decision affirming defendant's conviction of the September 18th rape was rendered on November 28, 1972 but we subsequently granted a rehearing on January 9, 1973, after which the conviction was reversed and remanded for a new trial on May 7, 1973. State v. Moore, 278 So.2d 781 (La.1973). The basis for the reversal of defendant's conviction of the September 18th rape was the State's improper use of evidence of another crime, the rape of September 14th, during the trial. Retrial of the September 18th rape charge was had during September of 1973 and the resulting conviction has been appealed to this Court, has been argued and is now under advisement.