359 So.2d 978 (1978)
STATE of Louisiana
v.
Anthony KEMP.
No. 61301.
Supreme Court of Louisiana.
June 19, 1978.
*979 John E. Miller, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Marilyn C. Castle, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The defendant, Anthony Kemp, was arrested on February 24, 1975. Formal charges, by Bill of Information, were filed on July 8, 1975. The State charged the defendant with the armed robbery of Mrs. Huey Sanders in violation of LSA-R.S. 14:64. The trial court heard a Motion for Reduction of Bond and for Speedy Trial on January 16, 1976. A Motion to Quash was filed on June 8, 1976. The defendant was tried by jury on July 5-7, 1976. The jury returned a verdict of guilty and the court subsequently sentenced the defendant to fifteen years at hard labor without benefit of parole, probation, or suspension of sentence.
The defendant appeals, relying on five assignments of error. Assignment of Error No. 5 is considered abandoned as it was neither briefed nor argued. State v. Phillips, La., 337 So.2d 1157 (1976).

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Defendant contends that the trial court erred in failing to give defendant a speedy trial and overruling defendant's Motion to Quash based upon the delay in bringing defendant to trial.
In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court set forth a balancing test which weighs the conduct of both the prosecution and the defense. Four factors comprise this test: (1) length of delay; (2) reason for delay; (3) defendant's assertion of his right; and (4) the prejudice to the defendant. This Court adopted the Barker v. Wingo test. State v. Alfred, La., 337 So.2d 1049 (1976); State v. Howard, La., 325 So.2d 812 (1976); State v. Moore, La., 300 So.2d 492 (1974).
In the instant case, the delay between arrest and trial was sixteen months and eleven days. The date of the Bill of Information is July 8, 1975. Therefore, the defendant was tried a year after formal charging. This Court has held that even more lengthy delays do not constitute denial of speedy trial in violation of constitutional guarantees. State v. Fraise, La., 350 So.2d 154 (1977); State ex rel. Miller v. Craft, La., 337 So.2d 1191 (1976); State v. Neyrey, La., 341 So.2d 319 (1976); State v. McDaniel, La., 340 So.2d 242 (1976); State v. Moore, La., 300 So.2d 492 (1974).
The record reflects that reasons for delay were transfers of the case from one section of court to another by the prosecution, delay in obtaining counsel, and a Motion for Continuance by the defendant. The reallotment *980 of the case by the District Attorney does not appear to have been a deliberate attempt to delay or hamper the defense. Delays were caused by both prosecution and defense.
The defendant asserted his right to a speedy trial on January 16, 1976. This date is almost eleven months after his arrest. The minutes of November 20, 1975, reflect that the court set the case for trial for June 1, 1976. The defense raised no objection to that date.
The defendant states that the prejudice resulting from the delay was the fact that the victim died, and therefore the jury did not hear from the victim's own lips that she could not identify the defendant at the lineup. We find that the defendant demonstrates no prejudice. The record reflects that a stipulation was entered that the victim could not identify the defendant as the perpetrator of the armed robbery.
The United States Supreme Court, in Barker v. Wingo, supra, stated:
"The amorphous quality of the right also leads to the unsatisfactorily severe remedy of dismissal of the indictment when the right has been deprived. This is indeed a serious consequence because it means that a defendant who may be guilty of a serious crime will go free, without having been tried. Such a remedy is more serious than an exclusionary rule or a reversal for a new trial, but it is the only possible remedy." [Footnote omitted.]
We find that the defendant has not met the Barker v. Wingo test. Assignments of Error Nos. 1 and 2 are without merit.

ASSIGNMENT OF ERROR NO. 3
The defendant contends that a fifteen year sentence without benefit of parole, probation, or suspension of sentence constitutes excessive, cruel, and unusual punishment.
The only reference to the sentencing procedure is in the minutes. The minutes reflect only that counsel objected to the imposition of a fifteen-year sentence. The sentence was imposed prior to the 1977 sentencing statute. See LSA-C.Cr.P. Art. 894.1. Hence, the trial judge recorded no extensive reasons for the sentence.
This Court has not held that it has the authority to review the excessiveness of a defendant's sentence within the statutory limits, even when timely objection is made. See State v. Williams, 340 So.2d 1382 (1977), and cases cited therein. However, assuming that the Court has such authority, there is no adequate showing that the trial court abused its discretion in sentencing the defendant in this case.
Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 4
The defendant contends that he has been denied his right to judicial review of his sentence based upon an incomplete record. The basis for this contention is the fact that some of the words in the transcript were inaudible.
In State v. Ford, La., 338 So.2d 107 (1976), this Court stated:
"A slight inaccuracy in a record or an inconsequential omission from it which is immaterial to a proper determination of the appeal would not cause us to reverse defendant's conviction."
Since defendant made no specific showing of prejudice, we find this assignment of error without substance.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs.