363 So.2d 523 (1978)
STATE of Louisiana
v.
Lance T. NOWELL.
No. 62095.
Supreme Court of Louisiana.
October 9, 1978.
*524 Stewart M. Thomas, Jennings, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Marilyn C. Castle, Asst. Dist. Atty., for plaintiff-respondent.
DENNIS, Justice.
Defendant Lance T. Nowell was charged by bill of information on March 15, 1978 with the commission of an aggravated battery, La.R.S. 14:34, which allegedly occurred on March 14, 1977. Defendant applied to the district court on March 29, 1978 for a writ of habeas corpus, alleging that the delay of one year in bringing the formal charge had deprived him of the right to a speedy trial. The habeas petition was converted to a motion to quash and denied by the district court after a hearing held on April 3, 1978. We granted defendant's application for a writ of review and reverse the ruling of the district court for the reasons hereinafter assigned.
*525 In October of 1976, defendant was incarcerated in the East Baton Rouge parish prison on charges of simple escape and unauthorized use of a movable. While awaiting trial on these charges, defendant, together with two other inmates, was implicated in the stabbing injury of a deputy sheriff at the prison on March 14, 1977. As a result, he was accused by affidavit of attempted aggravated escape and attempted first degree murder. When brought before the court on the next day, defendant named as his attorney Eugene Booth, who had been retained to represent him on the prior charges. After his court appearance, defendant was transferred to the Iberville Parish Prison for his own safety. Through inadvertence, Booth was not notified of the additional charges, but when he later learned of them he advised the court orally that he had not been retained to represent defendant on those charges and that defendant would require court-appointed counsel since he could not afford to hire an attorney. No action was taken by the court on this information.
On June 24, 1977, defendant pleaded guilty to the offense of simple escape. Pursuant to a plea bargain, the companion charge of unauthorized use of a movable was dropped and defendant received a sentence of six months imprisonment, with credit for time served. At that time defendant had been incarcerated for eight months and would have been released but for the pending attempted murder and attempted aggravated escape charges.
In February of 1978 defendant, not yet charged by bill of information or indictment and still unrepresented by counsel, wrote to the district court in East Baton Rouge Parish complaining of his plight. On March 2, 1978, in response to defendant's letter, the court appointed Stewart Thomas to represent defendant. Thomas promptly asserted the deprivation of defendant's right to a speedy trial.[1]
The right to a speedy trial is guaranteed by both the federal and state constitutions. U.S.Const. Sixth Amend.; La. Const. Art. I, § 16. This right attaches when an individual becomes an accused, either by formal indictment or bill of information or by arrest and actual restraint. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); State v. Fraise, 350 So.2d 154 (La.1977). In the present case the defendant was charged by police with attempted aggravated escape and attempted murder on March 14, 1977, and he has remained incarcerated since that date.[2] The fact that the defendant was not formally charged by bill of information until a year later does not alter the fact that he became an accused when he was arrested and held by police. United States v. Marion, supra; State v. Smith, 357 So.2d 798 (La.1978); State ex rel. Miller v. Craft, 337 So.2d 1191 (La.1976).
In determining whether or not a defendant's right to a speedy trial has been violated, this Court has not attempted to set any fixed time period. Rather, this Court has adopted the test of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), in which the United States Supreme Court weighed the conduct of both the prosecutor *526 and the defendant in light of four factors: length of delay, reasons for delay, assertion of the right, and prejudice to the defendant. State v. Kemp, 359 So.2d 978 (La.1978); State v. Bullock, 311 So.2d 242 (La.1975).
In the present case almost twelve months elapsed between the defendant's arrest and the date counsel was appointed to represent him. It is true that in some cases in which the defendant was represented by counsel this Court has held that even greater delays do not constitute a denial of the right to a speedy trial. See, State v. Kemp, supra; State ex rel. Miller v. Craft, 337 La. 1191 (La.1976); State v. Neyrey, 341 So.2d 319 (La.1976); State v. Moore, 300 So.2d 492 (La.1974). However, the length of delay which will be tolerated depends entirely on the circumstances of the individual case. Barker v. Wingo, supra. Because the lack of counsel effectively deprived the defendant of the ability to assert his right to a speedy trial, and because he has been incarcerated since his arrest, the length of the delay in the present case was sufficiently great to warrant examination of the other Barker factors.
The delay in the present case apparently was due to the State's inability to secure the testimony of several inmate witnesses. At the hearing on the motion to quash the prosecutor explained that without their testimony it would be impossible to evaluate the State's case against the defendant.[3] There was no showing that the State deliberately postponed the trial in order to gain a tactical advantage over the defendant. Nevertheless, as between the defendant and the State, the ultimate burden rests on the State to bring the defendant to trial or otherwise dispose of the case. Barker v. Wingo, supra; State ex rel. Miller v. Craft, supra.
The third factor to be considered under Barker v. Wingo is whether or not the defendant asserted his constitutional right to a speedy trial. The record does not reflect that the defendant made any assertion of his right or otherwise attempted to speed up the trial proceedings. However, this cannot be weighed very heavily against the defendant in the present case. Defendant was seventeen years old, incarcerated, indigent, and, most significantly, unassisted by counsel.[4] Under these circumstances the defendant's failure to effectively assert his rights did not constitute a voluntary, knowing and intelligent waiver of his constitutional guarantee to a speedy trial.
Finally, we must consider whether or not the defendant was prejudiced by the delay. The trial court found that the defendant had shown no prejudice because he had not proved that his defense would be impaired by the lapse of time. In our opinion the trial court erred in failing to consider whether defendant had suffered any other type of prejudice. Undoubtedly, the impairment of a defendant's ability to prepare his case is the most serious form of prejudice normally experienced by an accused whose trial is delayed. However, in State ex rel. Miller v. Craft, 337 So.2d 1191 (La.1976), this Court noted that prejudice can also occur in other ways:
"Inordinate delay may interfere with a defendant's liberty, disrupt his employment, subject him to public obloquy, and create anxiety in him, his family and his friends. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971)." Id. 1195.
While the defendant in this case did not offer any evidence of this sort of prejudice at the hearing on the motion to quash, it has been pointed out that "[t]hese factors. . . are inevitably present in every *527 case to some extent." Barker v. Wingo, supra, 407 U.S. at 537, 92 S.Ct. at 2195 (Mr. Justice White, concurring). Moreover, it is not absolutely necessary to show actual prejudice in order to establish a denial of the right to a speedy trial. In Moore v. Arizona, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973), the Supreme Court stated that in Barker v. Wingo it had "expressly rejected the notion that an affirmative demonstration of actual prejudice was necessary to prove a denial of the constitutional right to a speedy trial." Id. 414 U.S. 26, 94 S.Ct. 189, 38 L.Ed.2d 184.
Upon a careful consideration of the above factors as they apply to the circumstances of the present case, we conclude that defendant Lance Nowell was denied his constitutional right to a speedy trial. The only remedy available in this case is dismissal of the charges pending against the defendant. Strunk v. United States, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973); State v. Bullock, 311 So.2d 242 (La. 1975).
For the foregoing reasons, the ruling of the trial judge denying the motion to quash the bill of information is reversed, and the case is remanded to the Nineteenth Judicial District Court with instructions to the trial judge to dismiss the bill of information charging the defendant with aggravated battery.
SANDERS, C. J., and SUMMERS, J., dissent.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
Defendant was in jail nine months from the time he could have been released from incarceration except for this charge. In weighing the conduct of both the prosecution and the defense in view of the length of delay, reasons for delay, assertion of the right, and actual prejudice to the defendant, I do not believe that defendant's right to a speedy trial has been violated. Accordingly, I respectfully dissent.
NOTES
[1] In the meanwhile, the State had held a preliminary hearing in February, 1978 in the case against defendant's alleged co-participants in the jail stabbing. At the hearing it was revealed that the State's witnesses, primarily other inmates of the prison, could no longer remember the circumstances of the incident. The State accordingly abandoned those prosecutions. The case against the defendant, however, was not abandoned. On March 15, 1978, defendant was charged by bill of information with aggravated battery.
[2] It is true that for the first three months after March 14, 1977, defendant was also being held on the prior, unrelated charges. The police charges imposed on March 14, 1977, however, carried much more serious penalties than the charges on which he was previously held. Moreover, defendant's bond prior to March 14 was set at $3,000; after that date his bond was increased to $53,000. The additional restraint placed on defendant on March 14, 1977, engaged the right to a speedy trial immediately. It should also be emphasized that after June 24, 1977, defendant was held solely because of the charges which are the subject of the present suit.
[3] It was as a result of these difficulties that the State ultimately charged defendant only with aggravated battery.
[4] The analysis of defendant's right to a speedy trial is highly influenced in the present case by the fact that defendant was without counsel for over one year. We do not reach the question of whether or not defendant's right to effective assistance of counsel was denied in the present case. However, the fact that defendant did not have the guidance of an attorney throughout most of his incarceration goes far in explaining his failure to act.