374 So.2d 1234 (1979)
STATE of Louisiana
v.
Roger D. PERKINS.
No. 64102.
Supreme Court of Louisiana.
September 4, 1979.
Norman W. Ershler, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Kay Kirkpatrick, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
On January 17, 1977 Roger D. Perkins was charged by bill of information with distribution of dilaudid, a violation of R.S. 40:967(A)(1). Sixteen months later he was convicted as charged and was sentenced to five years imprisonment at hard labor. The *1235 court then suspended this sentence and placed the defendant on supervised probation for three years on the condition that Perkins spend one year in parish jail. On appeal defendant urges four assignments of error as requiring a reversal of his conviction and sentence.[1]

Assignment of Error No. 1
In this assignment, the defense argues that the trial judge was in error to deny a motion to quash the information on the ground of a speedy trial violation.
The record indicates that the offense with which the defendant was charged occurred on July 10, 1976. Perkins was arrested while in jail on an unrelated charge, but formal proceedings were not instituted until January 17, 1977 and defendant was not arraigned until March 15, 1977. The case was originally assigned to Section I of the Nineteenth Judicial District but was reassigned to Section V to assure a fair allocation of cases to each section of court. On May 11, 1977 defendant was ordered to appear and name counsel on May 25; when defendant failed to appear, a bench warrant was issued and his bond was doubled. The warrant was later recalled in August and defendant was ordered to appear and name counsel on September 12, 1977.
On the appointed date, the defendant appeared without counsel and moved the court to appoint an attorney to represent him. After examining the defendant, the trial judge determined that he was not indigent[2] and ordered him to return in two weeks with retained counsel. Perkins failed to appear on September 26 and the judge again issued a bench warrant. However, on October 13, 1977 Norman Erschler was entered as counsel of record for the defendant and the trial was set for December 5, 1977. On November 17, 1977 the defense filed a motion to quash which the trial judge denied four days later. The defendant failed to appear for trial on December 5 and a third bench warrant was issued. However, the warrant was recalled on the following day and trial was reset for February 23, 1978.
On February 23 the trial judge reassigned the date for trial which was later held on May 16, 1978. Although the minute entries for February 23 indicate that the judge took this action on his own motion, the record contains a defense motion for continuance which alleged that the defendant was undergoing treatment at Greenwell Springs Hospital and would therefore be unavailable for the February trial date.
The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article 1, § 16 of the Louisiana Constitution. The right attaches when an individual becomes an accused, either by formal indictment or bill of information or by arrest and actual restraint. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); State v. Nowell, 363 So.2d 523 (La. 1978). To determine whether this right has been violated, this court has adopted the four factor test articulated by the Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 *1236 S.Ct. 2182, 33 L.Ed.2d 101 (1972): length of delay; reason for delay; assertion of the right; and prejudice to the defendant. State v. Nowell, supra; State v. Kemp, 359 So.2d 978 (La.1978).
In the present case, twenty-one months elapsed between the date of the alleged crime and the date of trial. Five months passed between the arrest in August, 1976 and the institution of prosecution in January, 1977. An additional delay was occasioned by the transfer of the case between different sections of court. Nevertheless, the defendant substantially contributed to subsequent delays by failing to appear in court at designated times. Although Perkins has alleged that he was unable to attend court on May 25, 1977 because he was in jail in Lafayette on unrelated charges, his failure to appear in Baton Rouge was not prompted by the prosecuting authorities of that jurisdiction and therefore is not chargeable to them. Perkins' explanation of his failure to appear on September 26, 1977 is equally unavailing. The defendant alleges that he believed that he would be jailed if he appeared without retained counsel on that date, but the record does not indicate any reference by the trial judge to this possibility. In any case, Perkins also failed to appear for trial on December 5, 1977 after his parents had retained an attorney for him. The final continuance of trial from February 23 to May 16 was apparently granted upon a defense motion, even though the minute entries indicate that the judge acted on his own motion. The record as a whole demonstrates that a substantial part of the delay was caused by the defendant and that his assertion of the right to speedy trial came when the bulk of the delay had already elapsed.
Moreover, there seems little possibility that the delay prejudiced Perkins. The defendant made bond on the night of his arrest and was never in jail on this charge before trial; certainly his ability to aid in the preparation of his defense was not impaired by extended incarceration. Although Perkins claimed at the hearing on the motion to quash that he was unaware of the nature of the charge against him until September, 1977, his ignorance is unjustified in light of the formal charge filed against him eight months earlier. Moreover, the defense allegation that the delay prevented Perkins from establishing an alibi is belied by the defendant's admission that he never consulted with his family to ascertain his actions on the day in question until over a year after he was arrested. The defense therefore has failed to demonstrate any prejudice to the defendant occasioned by the delay. In light of these considerations, the trial judge was correct to deny the motion to quash.
This assignment is without merit.

Assignment of Error No. 2
By this assignment the defense alleges that the trial judge was in error in failing to declare a mistrial after the prosecutor, in closing argument, commented on defendant's silence.
At trial the State relied on the testimony of John Cornwell, a trooper with the Louisiana State Police who was working undercover during July, 1976. Cornwell testified that he and a confidential informant parked in the lot next to Romano's Supermarket on North Boulevard in Baton Rouge. The defendant then approached the car and sold Cornwell two dilaudid tablets after a brief conversation. During cross-examination, the defense attorney made Cornwell admit that he did not remember many details of the transaction or of several others which took place during the same period. Anticipating an attack on the agent's version of the events in question, the district attorney summarized Cornwell's testimony and then added:
"He's not confused. I could care less whether he remembers other cases he made or may, did nothe said he didn't make any. He said thatinaudible. We have no evidence to refute that. You have to take his word as truth unless you have a reason not to because just as this defendant before this trial started enjoyed the presumption of innocence, so does anybody that takes that witness *1237 stand enjoys a presumption that they do not perjure themselves. This is the same presumption of innocence. The party who claims this witness is either making up a case on this guy or forgetful of facts involving this case and other cases, the person who questions that has an opportunity to get up there and show this man perjured himself. Until that is done, he enjoys the presumption that what he said is true."
Although the defense immediately requested a mistrial, the court agreed only to admonish the jury.
Article 770 of the Code of Criminal Procedure requires the trial judge to grant a mistrial if a remark or comment is made within the jury's hearing which directly or indirectly refers to the defendant's failure to testify in his own behalf. The State argues, however, that the remarks made in the instant case were merely directed to the lack of refuting evidence produced by the defense and therefore were permissible.
References made in closing argument that the State's case stands unrebutted or uncontroverted have frequently been upheld by this court, see State v. Sims, 346 So.2d 664 (La.1977); State v. Reed, 284 So.2d 574 (La.1973); State v. Cryer, 262 La. 575, 263 So.2d 895 (1972). However, a statement that the State's theory of the case remains unassailed encompasses the entire case presented by the defense and does not focus on the defendant's failure to take the stand. On the other hand, the remarks made in the instant case refer specifically to the defendant's silence. It is obvious that "the person who ... has an opportunity to get up there and show this man (Cornwell) perjured himself" can refer only to the defendant; only he and Trooper Cornwell were able to testify concerning the events at Romano's Supermarket, since, as Cornwell testified, the confidential informant had disappeared. When the defendant is the only person who can dispute the testimony, a reference to the testimony as uncontroverted focuses the jury's attention on the defendant's failure to testify, see United States v. Buege, 578 F.2d 187 (7th Cir. 1978). For these reasons it is clear that the prosecution violated the prohibition embodied in Article 770 and that the trial judge's refusal to grant a mistrial was therefore erroneous.
This assignment has merit.
For the reasons assigned, the conviction and sentence are reversed and the case is remanded to the district court for further proceedings consistent with the views expressed herein.
SUMMERS, C. J., dissents.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
Article 770(3) of the Code of Criminal Procedure provides that the judge shall grant a mistrial upon motion of the defendant if the prosecutor "refers directly or indirectly to: ... [t]he failure of the defendant to testify in his own defense." The jurisprudence has held that the remark must be direct and the inference plain that the remark was intended to bring the jury's attention to the failure of the defendant to testify in his own behalf. State v. Smith, 327 So.2d 355 (La.1976) (on rehearing); State v. Corbin, 285 So.2d 234 (La.1973); State v. Reed, 284 So.2d 574 (La.1973); State v. Howard, 262 La. 270, 263 So.2d 32 (1972). The remark must refer to the defendant's failure to testify, not merely to the defendant's failure to offer evidence to rebut the state's evidence.
In the present case, I consider that the jury more than likely received the argument of the prosecutor as pointing up a problem in proving inconsequential specifics, rather than as one suggesting that they should conclude defendant was guilty of distribution of dilaudid because otherwise he would have taken the stand in his own defense. See State v. Smith, supra. Accordingly, I respectfully dissent.
NOTES
[1] In Assignment of Error No. 3 the defense contends that the verdict was contrary to the law and evidence. Assignment of Error No. 4 presents the defense claim that the sentence was excessive and that the trial judge erred in failing to grant a sentencing hearing. We do not consider the merits of these contentions because we find merit in the second assignment of error.
[2] The defense has argued that the trial judge was incorrect in determining that Perkins was not indigent and therefore not entitled to appointed counsel. The record reveals that Perkins lived with his parents and worked part-time for his father's construction company, making about $250 a month. Although he at first stated that his father could give him only part-time employment, he later admitted that his father could have given him more work. His living arrangements were secure and his monthly expenses small$50 for child support, $80 to his mother as a contribution for groceries. During this same period the defendant was able to secure money to post bond four times on unrelated charges. He was also aware of the necessity of counsel and had evidently employed one in the past since he stated that he was indebted to a Baton Rouge attorney. These factors indicate that the defendant was not indigent and was therefore not prejudiced by the court's order that he retain counsel.