WATSON, Justice,
dissenting.
I would grant the writ to decide pre-trial the question of whether defendant, Virginia Foat, has been denied her constitutional right to a speedy trial.
This constitutional guarantee is one of the most fundamental, being found not only in the Sixth Amendment to the Constitution of the United States (“the accused shall enjoy the right to a speedy and public trial”), but also in our state Constitution of 1974 (“every person charged with a crime is presumed innocent until proven guilty and is entitled to a speedy, public and impartial trial”). In fact, this principle has been embeddied in the law of Louisiana since the Constitution of 1812 which provided at Art. 6, § 18 as follows:
“§ 18. In all criminal prosecutions, the accused have the right of being heard by himself or counsel, of demanding the nature and cause of the accusation against him, of meeting the witnesses face to face, of having compulsory process for obtaining witnesses in his favour, and prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage, nor shall he be compelled to give evidence against himself.”
There are many reasons for this basic precept of American law; obviously, with the passage of time, witnesses die, they disappear, and their memories dim. In the present case, a contention is made that the passage of time has seriously prejudiced defendant’s ability to present her case. I do not know whether this is right or wrong. No member of this court, in my opinion, knows whether this is right or wrong. And the only way to find out is to grant the writ, bring up the record already made in the trial court, and decide the issue.
However, I strongly suggest that the basic facts, namely that the alleged murder is supposed to have occurred in 1965, some eighteen years ago and that the arrest warrant charging Virginia Foat with the 1965 murder was issued on March 28, 1977, over six years ago, go á considerable distance toward making a showing that the defendant’s right to speedy trial has been prejudiced. The time factor, coupled with the admission by the state that there is really no reason for six years of delay,[1] makes a prima facie showing which cries out for a writ grant to consider the question pre-trial.
Counsel for defendant asks, incisively, if it is difficult for the state to account for what happened in 1977, how much more difficult is it for the defendant to defend against the charge of a crime which may or may not have occurred in 1965?
In a case involving merely the possession of one marijuana cigarette, this court rejected the notion of not considering 'pretrial the question denial of a speedy trial:
“The state contends that a defendant may not raise his denial of speedy trial claim by a motion to quash. We disagree. An accused must be afforded a remedy by which he may effectively assert his fundamental right guaranteed by the Due Process Clause of the Fourteenth Amendment, the Louisiana Constitution, and our Code of Criminal Procedure. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); La. Const.1074, art. 1, § 16; La.C.Cr.P. art. 701. The legislature has not specifically provided a method for raising speedy trial violations, but it has instituted the motion to quash, an all embracive plea, whereby an accused may urge all pleas or defenses to be raised before trial, other than those relating on the merits of the charge. La.C.Cr.P. art. 531, and Official Revision Comment; *1124 State v. Rembert, 312 So.2d 282 (La.1975); State v. Patterson, 301 So.2d 604 (La.1974). A speedy trial claim logically falls within this category because it is a defense which, if successful, requires dismissal of the indictment regardless of the merits of the charge, Barker, supra, and which by its nature must be available before trial_” State v. Reaves, 376 So.2d 136 at 137-138 (La., 1979).
It is not important that Reaves suffered only a brief delay and that his charge was dismissed; what is important is the recognition of the right to pre-trial consideration of the speedy trial issue. Cf. State ex rel Miller v. Craft, 337 So.2d 1191 (La., 1976); and State v. Nowell, 363 So.2d 523 (La., 1978).
There is small doubt that the speedy trial issue in Virginia Foat’s case is close. Why should the state be put to the expense of expending thousands of dollars, bringing witnesses from all over the country, consuming prosecutorial and judicial time and otherwise slowing the wheels of justice in many other cases if the motion to quash has merit? Why should the defendant be put through the expense and agony of defending a murder charge if the motion has merit? It is in the interest of the state (and by the state I mean the people of Louisiana and even the people of the United States because of the notoriety of this case), as well as the defendant, to put the speedy trial issue to rest now, one way or the other.
If the motion does not have merit, this court should so declare and not be faced with the task of possibly facing this serious constitutional issue post-trial when the focus of appellate review, if the defendant is convicted, should be on the issue of whether she received a fair and impartial trial.
I respectfully suggest that we are doing an injustice to both the state and the defendant by declining to grant the writ application and make the decision. We required the Court of Appeal to address the issue, 442 So.2d 1122. Merely on the bare-bone facts of the ease, this court should bite the bullet and do its duty.
The writ should be granted.

. The state is to be complimented on its candor, writing in a brief:
“The passage of time: the verbal communications that took place almost exclusively in this matter rather than any written confirmation of decisions; changes in personnel both at the sheriffs office and the district attorney’s office; all these factors make it extremely difficult for the state to pinpoint a specific reason or specific reasons for deciding not to move forward with prosecution in November of 1977." State v. Foat, 442 So.2d 1146 at 1150 (La.App. 5 Cir.1983).