480 So.2d 823 (1985)
STATE of Louisiana, Appellee,
v.
Dennis Allen JOHNSTON, Appellant.
No. 17276-KA.
Court of Appeal of Louisiana, Second Circuit.
December 4, 1985.
Joe D. Wray, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James Allan Norris, Jr., Dist. Atty. by Earl Cox, Asst. Dist. Atty., Monroe, for appellee.
*824 Before HALL, FRED W. JONES Jr. and SEXTON, JJ.
FRED W. JONES, Jr., Judge.
Defendant Johnston was charged with attempted second-degree murder (R.S. 14:27 and R.S. 14:30.1) and armed robbery (R.S. 14:64). He was found guilty by a jury of both offenses. The trial judge sentenced him to thirty years imprisonment at hard labor for attempted second-degree murder and twenty-five years imprisonment at hard labor without benefit of parole for armed robbery, with the sentences to run concurrently.
Defendant appealed, reserving four assignments of error.

FACTS
On April 29, 1984, at approximately 5:00 A.M., Johnny Ashley was at the Southside Club, an after-hours bar located in Monroe. He requested a ride home from Dennis Allen Johnston and Jerry Lemons. On the way, the trio stopped at a "7-Eleven" and purchased some food items. When Ashley returned to Lemon's pickup truck, Johnston pulled a knife and demanded money. A struggle ensued in which Ashley received several severe stab wounds to the neck. The victim managed to break free and obtain help.
At one point, Ashley stopped breathing but Sheriff's Deputies managed to resuscitate him. Ashley was taken by ambulance to E.A. Conway Memorial Hospital where he underwent emergency surgery. Ashley was able to identify his attackers and inform authorities he had been robbed. His wallet, containing approximately $400, and the knife were never recovered.
Johnston and Lemons were arrested on April 29, 1984. Various preliminary motions were filed on May 15, 1984 and May 30, 1984, one of which was a motion for a speedy trial. Hearings on these motions were held on June 21, 1984 and July 12, 1984. Trial was set for July 16, 1984. A continuance was granted on July 16, 1984, and trial was reset for September 10, 1984. A subsequent continuance was granted the co-defendant, over defendant's objection, and the trial was again reset, this time for November 5, 1984. On October 24, 1984 a hearing was held on Defendant's writ of habeas corpus based on the ground that he had been denied a speedy trial. The writ was denied. On November 5, 1984 defendant reurged his writ of habeas corpus/motion to quash and it was again denied. Trial was held November 5-8, 1984.

ASSIGNMENTS OF ERROR NOS. 1 and 2
Defendant's first two assignments of error present related issues: (1) whether defendant's constitutional right to a speedy trial has been violated, and (2) whether defendant's statutory right to a speedy trial has been violated.
The right to a speedy trial is guaranteed by both the federal and state constitutions. U.S. Const. amend. VI; La. Const. of 1974, art. I, § 16 (1974). The right attaches when an individual becomes an accused whether by formal indictment or bill of information or by arrest or actual restraint.
Three considerations underlie the right to a speedy trial: (1) prevention of undue and oppressive incarceration prior to trial; (2) minimization of anxiety and concern accompanying public accusation; and (3) the possibility that long delay will impair the ability of an accused to defend himself. The factor of anxiety of the accused refers to a presumptively innocent defendant who must live under a cloud of suspicion until he has an opportunity to establish his innocence. State v. Johnson, 363 So.2d 458 (La.1978).
Flexibility is the governing philosophy in determining whether or not delay constitutes denial of the right to a speedy trial. State v. James, 394 So.2d 1197 (La. 1981). No fixed period of time is determinative. A balancing test has been adopted in which the conduct of both the prosecution and defense are weighed in light of four factors: (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his rights, and (4) the actual prejudice to the defendant. State v. Sweeney, 443 So.2d 522 (La.1983).
*825 The initial inquiry is into the length of delay. If the delay is presumptively prejudicial, there will be an inquiry into the other factors. Sweeney, supra. Here the length of delay from the time of arrest to the commencement of trial was 191 days. Assuming, arguendo, that this period of time is presumptively prejudicial, the other factors will be analyzed. Furthermore, the peculiar circumstances of the case will determine the weight to be ascribed to the length of the delay and the reason for delay. State v. Reaves, 376 So.2d 136 (La. 1979).
The reasons for delay were twofold: a backlog of cases and two continuances. Only one trial week was allotted for each of the months of July, August and September due to the fact that it was an election year. Coincidentally, this happened to be a period of increased criminal activity. The result was a backlog of cases for October. A continuance is in keeping with orderly procedure and the authority of the trial judge to control the docket. State v. Overton, 337 So.2d 1058 (La.1976).
The defendant only objected to the granting of the second continuance. The attorney for the co-defendant was involved in the race for district attorney. The prosecutor did not oppose the motion for a continuance because of a policy established in the district attorney's office that an attorney who was a candidate for office would be extended every courtesy.
The defendant asserted his right to a speedy trial on May 30, 1984, by filing a motion for a speedy trial.
Undoubtedly, the impairment of a defendant's ability to prepare his case is the most serious form of prejudice normally experienced by an accused whose trial is delayed. State v. Nowell, 363 So.2d 523 (La.1978). Prejudice may also occur in other ways, however. Inordinate delay may interfere with a defendant's liberty, disrupt his employment, subject him to public disgrace, and create anxiety in him, his family and his friends. Nowell, supra. While Johnston did not offer any evidence of this sort of prejudice at the hearing on the writ of habeas corpus/motion to quash, these factors are, to some extent, inevitably present in every case.
However, there was no evidence of bad faith or deliberate delay on the part of the state. Neither does it appear that the defendant suffered any substantial prejudice as a result of the delay. It was stipulated that incarceration is prejudicial. This alone is not sufficient to establish a denial of the right to speedy trial.
The only prejudice asserted by the defendant was the inability to locate two witnesses. However, neither witness was present on the morning the instant offense occurred. The only thing these witnesses could testify to was defendant's financial situation. This is not sufficient to show prejudice. State v. Smith, 357 So.2d 798 (La.1978).
In this case, the length of delay was not of long duration. The prosecutor was able to show just cause, while the defendant was not able to demonstrate any prejudice. This assignment of error is without merit.
The second, and related, issue is whether the trial court erred in denying defendant's motion to quash/writ of habeas corpus, even though a motion for speedy trial had been filed and 120 days had elapsed before defendant was brought to trial.
CCrP Art. 701 is not the equivalent of the constitutional right to a speedy trial. State v. Sosa, 446 So.2d 429 (La.App. 4th Cir.1984). La.CCrP Art. 701(D)(1) provides:
After the filing of a motion for a speedy trial by the defendant, the time period for commencement of trial shall be as follows:
(1) the trial of a defendant charged with a felony shall commence within one hundred twenty days if he is continued in custody and within one hundred eighty days if he is not continued in custody.
The legislature has not provided a remedy for failure to comply with Article 701(D)(1). State v. Cody, 446 So.2d 1278 (La.App.2d Cir.1984). Violation does not bar prosecution but merely authorizes pretrial *826 release. The issue is moot and the assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 3 and 4
Defendant complains that the trial judge imposed an excessive sentence and did not comply with La.CCrP Art. 894.1.
Both state and national constitutions prohibit the infliction of cruel and unusual punishments. An inquiry into whether a penalty is cruel and unusual considers whether the sentence is so severe as to be degrading to human dignity, whether it imposes an arbitrary infliction of punishment, and whether it shocks contemporary notions of decency. State v. Guajardo, 428 So.2d 468 (La.1983).
An excessive sentence is also prohibited. La. Const. of 1974, art. I, § 20 (1974). A sentence may be found to be excessive even if it is within the statutory limit. State v. Nealy, 450 So.2d 634 (La. 1984). A constitutionally excessive sentence is one that is grossly out of proportion to the severity of the crime or makes no measurable contribution to acceptable goals of punishment and thus is nothing more than the purposeless and needless imposition of pain and suffering. State v. Brogdon, 457 So.2d 616 (La.1984).
The trial judge meticulously complied with the sentencing guidelines set out in Article 894.1 and provided an adequate factual basis for each conclusion. The trial judge stated that Johnston's criminal conduct caused or threatened serious harm. Ashley's life was almost taken. He was actually revived from death. The trial judge opined that Johnston thought about the fact that his conduct would cause or threaten serious harm. Johnston did not act under strong provocation. There were no substantial grounds that tended to excuse or justify his criminal conduct. The victim did not facilitate or induce the commission of this offense. Even though he has no felony convictions, Johnston has been convicted of five misdemeanors and numerous traffic offenses over the last eight years. Defendant's criminal conduct was the result of circumstances likely to happen again. The trial judge found an undue risk that during a period of suspended or probated sentence Johnston would commit another crime and that a lesser sentence would deprecate the seriousness of the crime.
It was noted that defendant Johnston is a 28 year old single male. The defendant has only a tenth grade education but has obtained his GED. He spent three years in the Army. The defendant later was employed as a cook on an offshore oil rig for four years.
The maximum imposable sentence for attempted second-degree murder is 50 years at hard labor, and for armed robbery is 99 years at hard labor without benefit of probation, parole or suspension of sentence. We find that the trial judge adequately complied with Article 894.1. Further, under the circumstances of this case and viewing the seriousness of the crimes, the sentences imposed were not excessive. Therefore, these assignments are without merit.

DECREE
For the reasons explained we affirm defendant's convictions and sentences.