PONDER, Judge.
Defendant appeals his conviction of forcible rape and of aggravated burglary on the basis that he was denied his right to a speedy trial. We affirm.
On October 25, 1983, defendant was arrested on and confessed to charges of aggravated rape in violation of La.R.S. 14:42, and of aggravated burglary in violation of La.R.S. 14:60. He was admitted to the Feliciana Forensic Facility on October 31, 1983, following a finding that he was incompetent to stand trial. On December 22, 1983, indictments were handed down on both charges.
Following treatment, defendant was released from the Feliciana Forensic Facility and returned to the Ascension Parish Jail by order dated February 28, 1984. He was arraigned on April 9, 1984, and pled not guilty. Defendant filed various pretrial motions on April 3, 1984, and April 27, 1984. The state was given until May 14, 1984, to respond. On December 10, 1984, defendant changed his plea to “not guilty by reason of insanity.” In March, 1985, counsel for defendant filed additional motions including a motion for preliminary hearing, a motion to quash the pending charges for denial of defendant’s right to a speedy trial, and a motion for a speedy trial. The motions were set for hearing April 8, 1985, at which time the court ruled that the state had established probable cause, and held the motion for speedy trial was moot. The defendant’s request to continue the motion to quash was granted without date.
On August 27, 1985, defendant filed a second motion to quash alleging that the charges against him should be quashed since more than 120 days had elapsed after his initial motion. Hearing was set for September 9, 1985. At the hearing, the motion was taken under advisement and the case was set for trial on September 19, 1985.A pre-trial conference was held on September 17, 1985, and the matter was continued to November 21, 1985. On September 25, 1985, judgment was rendered denying the motion to quash.
On November 19, 1985, defendant pled guilty to both counts, reserving his right to appeal the speedy trial issue. Defendant was sentenced to serve forty years at hard labor for the conviction of forcible rape and to a concurrent sentence of thirty years at hard labor for the conviction of aggravated burglary.
The only issue before the court is whether defendant was denied his right to a speedy trial in violation of the Sixth Amendment of the Constitution of the United States, Article 1, Section 16 of the Louisiana Constitution of 1974 and La.C.Cr.P. art. 701(D)(1).
The right to a speedy trial is guaranteed by both the Sixth Amendment of the Constitution of the United States and Article I, Section 16 of the Louisiana Constitution of 1974. Additionally La.C.Cr.P. art. 701(D)(1) provides as follows:
D. After the filing of a motion for a speedy trial by the defendant, the time period for commencement of trial shall be as follows:
(1) The trial of a defendant charged with a felony shall commence within one hundred twenty days if he is continued in custody and within one hundred eighty days if he is not continued in custody.
*561 Defendant argues that La.C.Cr.P. art. 701(D)(1) was enacted to effectuate the constitutional right to a speedy trial after a motion is filed and that he is entitled to a dismissal of all charges. In State v. Pleasant, 489 So.2d 1005 (La.App. 1st Cir.1986), we stated that there are two separate and distinct bases for a defendant’s right to a speedy trial: the statutory right granted by La.C.Cr.P. art. 701, and the state and federal constitutional right. We further concluded that Article 701 was a legislative response to State v. Reaves, 876 So.2d 136 (La.1979), the intent being to provide a remedy other than the dismissal of charges, when the trial delays are longer than those statutorily prescribed. Thus, defendant is not entitled to the requested dismissal of charges under the provisions of La.C.Cr.P. art. 701.
In determining whether defendant’s constitutional rights have been violated, no fixed time period is determinative. Instead, the conduct of both the prosecution and the defense is weighed in light of four factors: length of delay, reasons for delay, assertion of the right, and prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); State v. Nowell, 363 So.2d 523 (La.1978).
Almost twenty-five months elapsed from the defendant’s arrest to the date he pled guilty. However, during the initial four months, he was not amenable to judicial process because of the finding that he was not competent to stand trial. La.C.Cr.P. art. 579. Defendant had pretrial motions pending between April 3, 1984 and May 14, 1984 and changed his plea in December of the same year. The defendant again had motions pending from March, 1985 to April 8, 1985 when the majority of them were disposed of by hearing. At the hearing, counsel for defendant moved to continue his first motion to quash without date. Additional delay arose because of defense counsel’s objection to a September 19,1985, trial date.
While the twenty-five month delay seems excessive, an examination of the reasons for the delay discloses that four months of delay was caused by defendant’s lack of mental capacity and attributable to neither party and a substantial portion of the remaining delay is attributable to pretrial motions filed by defendant. There was no showing that the state deliberately postponed the trial in order to gain some tactical advantage.
The third factor to be considered is whether defendant asserted his constitutional right to a speedy trial. Defendant filed his motion to quash and motion for a speedy trial in March, 1985. When the trial court ruled that the motion for a speedy trial was moot, defense counsel requested a continuance of the motion to quash; there is no evidence that he tried to have it reset for hearing. The transcript of the September 9, 1985, hearing on the second motion to quash discloses that the state was willing to proceed to trial, and over defendant’s objection, requested and received a trial date of September 19, 1985. Defense counsel expressed his unwillingness to proceed to trial without adequate time for preparation. While defendant’s constitutional right was asserted, counsel’s reluctance is a point to be considered in the overall determination.
The fourth factor is whether defendant was prejudiced by the delay. Defendant does not allege, nor does the record reflect, any prejudice resulting in an impairment of his ability to present a defense. Other forms of prejudice recognized by the jurisprudence, interference with liberty, disruption of employment, subjection to public obloquy, and creation of anxiety in family and friends, are not asserted. See United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). However, some of these factors are inevitably present and defendant’s inability to show prejudice does not invalidate his speedy trial claim. These factors have been considered in light of all of the evidence presented.
A substantial portion of the delay was caused by factors beyond the control of the prosecution. There was no evidence of bad faith or deliberate delay on the part of the state. The importance given to de *562 fendant’s assertion of his constitutional right and the amount of prejudice he experienced is diminished by counsel’s request for a continuance of the motion to quash and his reluctance to proceed to trial. Further, the record discloses no actual or implicit prejudice of a degree that would abridge his constitutional right. No violation of defendant’s constitutional right to a speedy trial has been demonstrated.
For the above reasons, the defendant’s conviction and sentence is affirmed.
AFFIRMED.