PLOTKIN, Judge.

STATEMENT OF THE CASE

The appellant was charged by bill of information with possession of crack cocaine, a violation of La.R.S. 40:967(0(2). He was tried by a jury and found guilty as charged. The appellant was found to be a multiple offender and foEowing a pre-sentence investigation, he was sentenced to serve forty months at hard labor as a multiple offender.

STATEMENT OF THE FACTS

On December 5, 1991, at about 12:15 a.m., Officers John Michael Montalbano and Dwayne Seheuerman were on patrol in the area of Fig, Pine and Broadway Streets. They were in fuE uniform and a marked unit. The officers had their bright Eghts on so that they could see Elegal activity before a perpetrator would recognize them as police and flee, and to better see anything someone might drop. On the night in question, the officers were driving in the 3000 block of Pine Street when they observed the defendant. From about fifteen feet away, both officers noticed the defendant make “contact” with them, reach into his left pocket, take a smaE object out and throw it to the ground. Officer Seheuerman detained and searched the defendant, whüe Officer Montalbano picked up the dropped object. Montalbano informed his partner that the object appeared to be crack cocaine and the defendant was placed under arrest. The state and defense stipulated that Officer AEen Sisón of the New Orleans Crime Lab is an expert in the examination and identification of cocaine and that, were he to testify, he would testify that he examined the object and found it positive for cocaine.
In his first assignment, the defendant avers that the trial court erred in denying a mistrial, as required by C.Cr.P. art. 770(3), because the prosecutor referred to the failure of the defendant to testily.
The trial court is required to declare a mistrial when the prosecutor directly or indirectly refers to the defendant’s faüure to testify. However, a direct reference mandates a mistrial whereas an indirect reference permits the court to inquire into the remark’s intended effect on the jury. State v. Johnson, 541 So.2d 818 (La.1989). La. C.Cr.P. art. 770(3) mandates a mistrial when an indirect reference is intended to draw the jury’s attention to the defendant’s faüure to testify or present evidence. However, where the defendant himself is not the only witness who might take the stand to refute the state’s case, argument to the jury that the state’s presentation of the facts is uncontro-verted does not focus the jury’s attention on the defendant’s faüure to testify. State v. Smith, 433 So.2d 688 (La.1983); State v. Latin, 412 So.2d 1357 (La.1982); State v. Perkins, 374 So.2d 1234 (La.1979); State v. Mullins, 537 So.2d 386 (La.App. 4th Cir. 1988).
In the instant case, defendant is the only witness who is able to take the stand to refute the state’s case, because he was the only one present, except the two officers, at the arrest. Therefore, the statements to the jury by the prosecutor, regarding the uncon-troverted evidence produced by the state clearly brought to the attention of the jurors the fact that the defendant faded to testify.
The Louisiana Supreme Court has yet to definitively hold that the refusal of the trial court to order a mandatory mistrial for a prosecutor’s reference to the defendant’s faü-ure to take the stand can never be harmless error. The majority in State v. Johnson, supra, questioned whether such an error could ever be harmless, but found in that case that it was not harmless. Only Justice Lemmon, in concurrence, disagreed with the “unnecessary suggestion in dicta that such an error can never be harmless.”
*457 The defendant notes that other circuits have followed the United States Supreme Court holding in U.S. v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983), in which the Court applied a harmless error analysis. The Court there found that, absent the prosecutor’s allusion to the failure of the defense to proffer evidence to rebut the victims’ testimony, it was clear beyond a reasonable doubt that the jury would have returned a guilty verdict. The victims’ testimony negated any doubt as to identification, and neutral witnesses corroborated critical aspects of the victims’ testimony, thus establishing a compelling case of guilt. On the other hand, the Court further found that the scant evidence tendered by respondents related to their claims of mistaken identity and consent, and that the patent inconsistency of these defense theories could not have escaped the jurors’ attention.
In State v. Moser, 688 So.2d 1243 (La.App. 1st Cir.1991) and State v. Lamark, 584 So.2d 686 (La.App. 1st Cir.1991), the First Circuit applied the harmless error rule of Hasting, then discussed the availability of neutral witnesses, the heinous nature of the crime and the effect retrial would have on the victims.[1]
The defendant here complains of the prosecutor’s reference to the “uneontradieted testimony of the witnesses.” In the context of closing argument the prosecutor stated the following:
... I can’t tell you what went on [in the defendant’s] mind as to why he dropped it. All I can tell you is according to the uncon-tradicted testimony of these witnesses, the witnesses that you must base your decision on, according to their uneontradieted testimony, he did throw it down. He did.
The prosecutor thus refers not only to the uneontradieted testimony twice, but refers to what was in the defendant’s mind. Only the defendant’s testimony would reveal what was in his mind. The only other witnesses in the case were the arresting officers. Thus, the prosecutor’s reference to the “uneontradieted testimony of the witnesses,” could only have been intended to focus the jury’s attention on the defendant’s failure to testify. The trial court erred by his denial of a mistrial.
Further, this court considered whether such an error may be considered harmless. In doing so, the court considered the following: the quantity of cocaine retrieved was very small (the officers described it in the motion to suppress as the size of a wadded up gum wrapper), the officer’s ability to identify an item that size from fifteen feet away, and the possibility that someone else might have dropped the rock in this area of high drug activity.[2] The police officers were arguably not neutral witnesses. There were no other eyewitnesses. Finally, the crime of possession is not particularly heinous, and there is no traumatized victim to consider on retrial.
This court finds that the prosecutor’s reference is not harmless in this case. The conviction is reversed on this assignment of error, the other assignments are pretermit-ted. The case is remanded to the trial court for a new trial consistent with the conclusions stated herein.

REVERSED AND REMANDED.

. Like Hasting, Moser and Lamark involved brutal rapes.

. Both officers testified that the reason they were cruising with bright lights was because when perpetrators recognize the police from a distance they drop their drugs and run. The bright headlights make it more difficult to recognize the vehicle as a police unit from a distance.