PER CURIAM.
This Court granted certiorari to consider the state’s claim that the trial court erred by granting the defendant’s motion for release from custody under La.C.Cr.P. art. 701. The defendant was arrested on June 16, 1989. She is charged with second degree murder.
The defendant filed a motion for speedy trial on June 27, 1989. Thereafter, on August 10, 1990, she filed a motion seeking to be released from her bond obligation. See La.C.Cr.P. art. 701(B)(2). The trial court found that the state had not shown “just cause” for the lengthy pre-trial delay and ordered the defendant released from her bond obligation. It is this ruling from which the state seeks relief.
The defendant and three accomplices were originally arrested for first degree murder. A preliminary hearing was conducted August 1, 1989, and probable cause for her arrest was found. Because of the pending capital charge, bond was denied. Thereafter, on September 5, 1989, the West Baton Rouge Parish Grand Jury returned an indictment charging the defendant with second degree murder. She was arraigned and pled not guilty two days later. The trial was set for November 13, 1989.[1]
The trial of one of the defendant’s accomplices was also set for that date; and the state elected to proceed with that trial, involving an allegedly more culpable part *401 ner. The accomplice eventually entered a guilty plea; however, according to the state’s application, the defendant’s attorney was trying a case in another parish and was not present.[2] The trial was reassigned for January 10, 1990. On that date, the state again elected to proceed with charges involving a co-defendant.
According to the state’s application for supervisory relief, the defendant was ordered to appear in court ápproximately one week after that continuance for reassignment of trial. Thereafter three trial dates apparently were selected: February 8, 1990; March 6, 1990; and April 6, 1990. The state’s application does not reflect the reasons for the continuances of February 8, 1990, or March 6, 1990.
Prior to the state’s application to this Court, the trial court once again set trial, this time for September 24, 1990. On August 10, 1990, the defendant filed a motion seeking to be discharged from her bond obligation; or, in the alternative, to be released from custody. The trial court conducted a hearing on- August 15, 1990. At that hearing, the defendant argued that the time limits under La.C.Cr.P. art. 701 had expired on October 27, 1989, 120 days after her motion for speedy trial had been filed.
In response, the state strenuously argued that the delay had not been occasioned by its fault because it had repeatedly scheduled the defendant for trial, and those trial dates had been continued because of flaws in the judicial system rather than fault on its part. The state claimed, for example, that every continuance caused a delay of at least 60 days because jury trials are held only one week out of every month; and, at the time a continuance is granted, the following month’s felony jury trial week would have been set already, necessitating that the trial date be continued for at least two months. The state also claimed that, under State v. Simpson, 551 So.2d 1303 (La.1989), it is required to prioritize trials scheduled for a particular date and to bring the highest priority cases to trial first. The state argued that it was following that mandate by bringing the defendant’s partners to trial first because they were more culpable.
The only explanation offered by the state concerning the reason why the first trial date was so late was that no trials are conducted in September. The court essentially found that the state should have brought the defendant to trial before October 27, 1989; and it noted that even the first trial date set, November 12, 1989, exceeded the time limits. The court found that the shuffling of trial dates occasioned by the guilty pleas entered by the defendant’s partners did not affect her right to a speedy trial and that Simpson’s mandate to prioritize could not abridge her statutory rights. The court further found no merit to the state’s argument that the delay occasioned by the “system” was justified.
During the hearing, it became apparent that, through an oversight, a bond had never been set for the defendant, although she had been in custody fourteen months. Originally charged with a capital offense, she was not entitled to bond, despite her request therefor. After the indictment for second degree murder was returned, neither the state nor defendant’s own attorney had moved for the setting of a bond. The court then found that her original motion for a bond was a continuing motion that had been violated; and, therefore, she had been illegally incarcerated for at least one year. Since there was no bond obligation from which she could be released, the court ordered the defendant- to be discharged from custody.
The state now argues in two inter-related assignments of error that the court abused its discretion in ordering the defendant released from custody, and that the state showed “just cause” for the delay.
*402 La.C.Cr.P. art. 701 provides, in pertinent part, as follows:
D. After the filing of a motion for a speedy trial by the defendant, the time period for commencement of trial shall be as follows:
(1) The trial of a defendant charged with a felony shall commence within one hundred twenty days if he is continued in custody and within one hundred eighty days if he is not continued in custody.
(2) The trial of a defendant charged with a misdemeanor shall commence within thirty days if he is continued in custody and within sixty days if he is not continued in custody. Failure to commence trial within the time period provided above shall result in the release of the defendant without bail or in the discharge of the bail obligation, if after contradictory hearing with the district attorney, just cause for the delay is not shown.
E. “Just cause” as used in this Article shall include any grounds beyond the control of the State or the Court.
The time limits run from the filing of the motion, not from the date on which the court rules on it. See, e.g., State v. Fontanille, 502 So.2d 119 (La.1987); State v. Sosa, 446 So.2d 429, 431, n. 2 (La.App. 4th Cir.1984).
Although never fully sanctioned by the Louisiana Supreme Court, the Second Circuit has found that docket overcrowding is “just cause” for the failure to comply with the time limits of La.C.Cr.P. art. 701. See State v. Johnston, 480 So.2d 823 (La.App. 2nd Cir.1985). See also State v. Overton, 337 So.2d 1058 (La.1976) in which the Court found that a delay of fourteen days, caused by the preferential retrial of a mistrial, the position of the case on the docket, and hearings on defense motions, was not excessive. Nevertheless, we agree with the trial court’s finding that the delay herein was excessive because the state apparently took no action to reconcile the defendant’s motion for a speedy trial to the expected docketing delay.
The trial court apparently concluded that, no matter how crowded the docket may have been, a delay of fourteen months after the filing of a motion for a speedy trial is undue. The court further found that, although the state sought to justify the delay between January and September, 1990, through the overcrowded docket, the state ignored the fact that the original trial date of November 12, 1989, exceeded the time limits of art. 701.
Herein, it is apparent that the state never fully explained why the first trial date was so late, why the defendant's case was not given priority despite the filing of the motion for a speedy trial, or why the matter could not be tried during one of the three weeks set aside for the trials of her accomplices who pled guilty. Further, the trial court was justifiably concerned that the defendant spent fourteen months without bond on an offense for which bond is constitutionally protected.
It is further apparent that the method of scheduling cases in the district has created difficulties for the district attorney in West Baton Rouge Parish, who must comply with various and at times competing time constraints. Nevertheless, the state could have obviated some of the delay occasioned herein by various actions, such as by giving her case priority because of the speedy trial motion or by insuring that her case was ready for trial in the event that her alleged confederates entered guilty pleas during their scheduled proceedings. Accordingly, we find that just cause for the delay in bringing the defendant to trial was not shown, and the trial court’s ruling discharging the defendant from her bond obligation pending trial was correct.
RULING DISCHARGING THE DEFENDANT FROM BOND OBLIGATION AFFIRMED.

. When this Court granted certiorari, we ordered a complete record of the proceedings in district court. The minute entries contained in that record do not confirm the trial dates set forth in the state’s application. Nevertheless, it is apparent that the minute entries are incomplete because, although several trial dates are contained in the minutes, there is no corresponding minute entry on those dates to reflect that any type of proceeding (even a continuance) occurred. Therefore, although we are unable to confirm the trial dates set forth in the state's application, we adopt the version of events set forth by the state, noting that the same result would be mandated even if the minute entries only were before us.

. In defendant's response brief, defense counsel contends that the state’s claim that the trial was continued on that date because counsel was unavailable is inaccurate; and that the trial was continued on November 13, 1989, because the prosecutor trying her case was ill. The minute entries reflect only that the continuance was granted on the motion of the state, over defendant’s objection.