JJVRIT GRANTED AND MADE PEREMPTORY: On June 12, 2001, defense counsel filed a motion for speedy trial certifying that he would be prepared for trial within the time period specified by La. Code Crim.P. art. 701(D). Pursuant to that article, the Defendant had to be tried within 120 days of the filing of the motion for speedy trial, which was October 11, 2001. However, at the time the motion was filed, the Defendant’s case had already been set for trial on October 22, 2001, beyond the 120-day time limitation.
On or about October 22, 2001, the State filed a motion to continue the case and a hearing on the motion was held October 23, 2001. The trial court granted the motion to continue and set the trial for November 12, 2001. The Defendant sought review of this ruling and this court ordered a hearing be held in accordance with La. Code Crim.P. art. 701(D)(2) because the trial court did not specifically inquire as to the State’s reasons for not proceeding to trial within 120 days of the filing of the motion for speedy trial. At this hearing, the State was to be given the opportunity to show just cause, if any, why the Defendant’s trial did not commence on or before October 11, 2001. See State v. Hackner, an unpublished writ opinion bearing docket number 01-1403 (La.App. 3 Cir. 10/26/01).
At the hearing ordered by this court, the State adopted its arguments and statements made at the hearing on the *541 motion for continuance. Essentially, these concerned the failure of the clerk’s office to timely issue subpoenas to the Sheriffs | ^Office after being requested to do so by the District Attorney’s Office on September 18, 2001 and the unavailability of a key witness for trial on October 22, 2001. However, we note these reasons were not relevant to the time at issue in this case, i.e., the 120-day period after the June 12, 2001 motion for speedy trial was filed.
The State additionally argued that presenting the case to a jury, prior to October 22, 2001, was beyond its control because the trial was set for the first available criminal trial week after the summer session in the division of court to which the ease had been assigned. We find this alone is insufficient. The State should have taken steps to assure the Defendant of his right to a speedy trial. The record before this court is void of any evidence suggesting that the State requested an earlier trial date. Thus-, the 120-day period was allowed to lapse with the State making no effort to protect the Defendant’s statutory right to a speedy trial.
The judge, in his ruling, mentioned occurrences and proceedings in the case which occurred prior to the filing of the motion for speedy trial and problems in the clerk’s office which resulted in the case not going to trial on October 22, 2001, matters which were irrelevant to the issue before it. He further referenced the fact that no petit juries are held in July or August in his judicial district, his vacation schedule, and the fact that defense counsel was unprepared to go to trial in April, May, or June of 2001. The defense attorney’s affidavit of preparedness filed with the June 2001 motion for speedy trial stated he would be ready for trial in the time frame set forth in La.Code Crim.P. art. 701. The court did not question defense counsel’s preparedness in July, August, September, or early October.
The trial judge also pointed out that he is voluntarily varying from the schedule and accommodating the Defendant in trying him the week of November 12, 2001 as he did not have a petit jury scheduled for that week. There was no explanation at the hearing as to why this could not have been done during the 120-day period in question, such as in September or early October.
Therefore, we find the delay in this case was not beyond the control of the State or the court. See State v. Thurman, 574 So.2d 400 (La.App. 1 Cir.1990). Accordingly, we find that a violation of La.Code Crim.P. art. 701(D) has occurred, and, as required by law, we order the release of the Defendant without bail.